UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARLO WASHINGTON,

   Plaintiff,

v.	Case No. 3:24cv453-LC-HTC

C. ANDREWS, et al.,

   Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Marlo Washington ("Washington"), a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 alleging sexual assault against officials at the Walton Correctional Institution, Doc. 1, and a motion to proceed *in forma* pauperis, Doc. 5.[1] Upon review, because Washington is a three-striker under 28 U.S.C. § 1915(g) who has not met the imminent danger exception nor paid the filing fee when he filed this action, the undersigned recommends this case be DISMISSED WITHOUT PREJDUICE.[2]

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

---

[1] Washington's initial motion to proceed *in forma pauperis*, Doc. 2, which accompanied the complaint, was denied because it was incomplete. In denying the motion, the Court noted that Washington would not be able to proceed *in forma pauperis* if he was a three-striker. Doc. 4.

[2] By separate order, the Court will deny Washington's motion to proceed *in forma pauperis* on the same ground as set forth herein.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, *on 3 or more prior occasions*, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is *frivolous*, *malicious*, or *fails to state a claim* upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). A prisoner who cannot proceed *in forma pauperis* must pay the filing fee when initiating their case — and failure to do so warrants dismissal without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (finding "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* [under] § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

Here, Washington is a known three-striker. The Court takes judicial notice that Washington has had at least the following three cases dismissed for reasons constituting strikes under 28 U.S.C. § 1915(g):

- *Washington v. Norwood, et al.*, No. 2:21-cv-14192-RAR, Doc. 7 (S.D. Fla. May 12, 2021) (dismissed for failure to state a claim);

- *Washington v. G. Jones, et al.*, No. 3:23-cv-24756-LC-HTC, Doc. 3 (N.D. Fla. Dec. 26, 2023) (dismissed as malicious for failing to truthfully disclose litigation history and noting Washington's three-striker status); and

- *Washington v. G. Cook, et al.*, No. 3:23-cv-4041-LC-HTC, Doc. 8 (N.D. Fla. Mar. 17, 2023) (dismissed as malicious for failing to truthfully disclose litigation history).

The only exception to § 1915(g)'s three-striker bar is if the prisoner alleges facts to show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The imminent danger exception focuses on whether the plaintiff faces imminent danger when filing his complaint rather than at a previous time. *Mathews v. Streeit*, 2024 WL 2835497, at *2 (N.D. Fla. Apr. 22, 2024) (citing *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)). Allegations of past threats do not suffice. *Mathews v. Huge*, 2024 WL 2835496, at *2 (N.D. Fla. Mar. 20, 2024) ("It is well-established that complaints about *past* threats are insufficient to meet the imminent danger exception.") (citing *Medberry*, 185 F.3d at 1193).

The plaintiff's allegations also must be both "specific" and "credible" rather than "general" and "conclusory." *Mathews*, 2024 WL 2835497, at *2 (internal citations omitted); *see also Smith v. Harris*, 2007 WL 710172, at *3 (N.D. Fla. Mar. 6, 2007) (finding that general allegations do not suffice if not grounded in specific facts indicating that "serious physical injury is imminent"). A "general allegation[] of *threatened physical abuse* do[es] not amount to [a] 'specific fact allegation[]' of imminent future harm.'" *Mathews*, 2024 WL 2835497, at *2 (citing *Sutton v. Dist. Atty's Off.*, 334 F. App'x 278, 279 (11th Cir. 2009)) (emphasis added).

In this case, Washington alleges that on August 21, 2024, Defendant Andrews sexually assaulted him by placing a finger in his rectum and calling him a transgender. Andrews then supposedly threatened to kill Washington if he told

anyone. Washington further claims that he later told a prison official about this incident, and on September 12, 2024, Andrews said, "I told you I know alot of official's . . . they told me you tryed to snitch . . . I'm going to ram a broom-stick up your ass the first chance I get." Washington also claims he is "constantly being retaliated [against]" — but mentions no other incidents.

Upon review, Washington has not sufficiently alleged imminent danger. First, Washington's claim that he is "*constantly* being retaliated [against]" is general and conclusory and — without further factual support — does not suffice. *See Sutton*, 334 F. App'x at 279 (finding that the plaintiff's general allegation of imminent danger did not suffice "absent specific fact[s] . . . of ongoing serious physical injury [or] a pattern of misconduct evidencing the likelihood of imminent . . . physical injury") (internal citations omitted).

Second, the only other incident that could conceivably show imminent danger is Andrews' verbal threat from September 12, 2024. But this neither shows ongoing physical injury nor indicates the likelihood of imminent physical injury. Courts are clear: a verbal threat of some future, physical harm is not a "specific" allegation that can establish imminent danger. *Mathews*, 2024 WL 2835497, at *2 (citing *Sutton*, 334 F. App'x at 279) (finding that the plaintiff's allegation that the defendant "twice threatened [him] with physical violence a few weeks [before] filing the present case" and stated "he's just waiting on the right time [to] . . . beat [the plaintiff] to death"

Case No. 3:24cv453-LC-HTC

did not demonstrate imminent danger); *Godhigh v. Wester*, No. 5:18-cv-141, Doc. 8 at 3 (N.D. Fla. June 20, 2018) (finding that the plaintiff's allegation that the defendant said "he'll knock [the] plaintiff's teeth in[to the] back of [his] head" did not show imminent danger); *Dice v. Inch*, 2020 WL 5803252, at *3 (N.D. Fla. Sept. 3, 2020) ("[The plaintiff's] allegations of a future risk of attacks by guards, based on harassment and threats, are too speculative and generalized to constitute imminent danger"), *report and recommendation adopted by*, 2020 WL 5802338 (N.D. Fla. Sept. 29, 2020).

Because Washington is a three-striker who neither paid the filing fee nor sufficiently alleged imminent danger, his action should be dismissed. *See Dupree*, 284 F.3d at 1236.

Accordingly, it is RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28. U.S.C. § 1915(g).

2.  That the clerk close the file.

At Pensacola, Florida, this 25th day of October, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.